# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### JONESBORO DIVISION


TAMMY HULSEY                                                    Plaintiff

v.                                    3:05CV00191 JFF

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration,[1]                                    Defendant


## MEMORANDUM AND ORDER


Defendant has filed a motion to dismiss and brief in support thereof.  Defendant has moved to dismiss this case for want of subject matter jurisdiction, urging that Plaintiff has failed to exhaust her administrative remedies and thus there has been no final decision of the Commissioner from which to appeal.

> (g) Judicial review.  Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . .

42 U.S.C. § 405 (1995).

> (h) Finality of Commissioner's decision.  The findings and decisions of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing.  No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. . . .

---

[1]Michael J. Astrue was sworn in as the Commissioner of Social Security on February 12, 2007.  He is therefore substituted for Jo Anne B. Barnhart pursuant to Fed.R.Civ.P. 25(d)(1).

<u>Id.</u>

The Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted. <u>Anderson v. Sullivan</u>, 959 F.2d 690, 692 (8th Cir. 1992).

> Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

<u>Weinberger v. Salfi</u>, 422 U.S. 749, 765 (1975).

Plaintiff promptly conceded that Defendant's position was correct and that she had no objection to the granting of the motion to dismiss. Defendant's motion to dismiss is well-taken.

THEREFORE, it is hereby

ORDERED that Defendant's motion to dismiss (docket #8) is granted, and that Plaintiff's complaint is dismissed without prejudice.

IT IS SO ORDERED.

DATED this 16th day of April, 2007.


　　　　　　　　　　　　　　　 /s/John F. Forster, Jr.
　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE